IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **SEARCH AND SHARE TECHNOLOGIES, LLC,**  **Plaintiff,**  vs.  **META PLATFORMS, INC.,**  **Defendant.** | **Civil Action No. 1:25-cv-1440**  **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Search and Share Technologies, LLC ("Plaintiff") files this Complaint against Defendant Meta Platforms, Inc. ("Defendant"), and states the follows:

**INTRODUCTION**

1. This is an action to stop one of the largest and most influential technology companies in the world from profiting off patented innovations it did not create, does not own, and has never licensed. In 2011, inventors John Shriber and Roman Zaks pioneered groundbreaking technology that transformed how users interact with and search for online content. Their patented inventions allow users to seamlessly share information and generate search results based on real user engagement—technology that has since become an essential feature of modern digital platforms.

2. Defendant Meta Platforms, Inc. has built its family of dominant social media platforms—including Facebook, Instagram, and Threads—into global phenomena by, in part, incorporating these very innovations. Meta's products replicate the patented methods by enabling users to interact with content through separate interfaces (such as comment, like, and share panels), index and rank that content based on those interactions, and surface it in ranked

"feeds" and search results for other users. This wholesale appropriation of Plaintiff's patented technology is neither coincidental nor permissible.

3. Plaintiff Search and Share Technologies, LLC brings this suit to hold Defendant accountable for its willful and ongoing infringement of U.S. Patent Nos. 10,180,952 (the "'952 Patent") and 11,106,744 (the "'744 Patent") (collectively, the "Patents-in-Suit"). Through this action, Plaintiff seeks to protect its intellectual property, recover damages for Defendant's infringement, and secure injunctive and other relief to prevent further unlawful use of its patented inventions.

## PARTIES

4. Plaintiff is a limited liability company organized and existing under the laws of state of Florida, having a principal place of business at 529 West 41st Street, No. 280, Miami Beach, Florida 33140.

5. Defendant Meta is a Delaware corporation with physical addresses in this District at 607 West 3rd Street, Austin, Texas 78701 and 300 West 6th Street, Austin, Texas 78701. Meta may be served with process through its registered agent, the Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C § 1338.

7. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

2

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant Meta Platforms, Inc. is registered to do business in Texas. Additionally, Defendant has transacted business in this District and has committed acts of direct and indirect infringement here by, among other things, making, using, offering to sell, selling, and importing products that infringe the Patents-in-Suit. Meta maintains regular and established places of business in this District, including offices located at 607 West Third Street, Austin, Texas 78701 and 300 West Sixth Street, Austin, Texas 78701.

9. Meta maintains at least 256,000 square feet of office space in this District and employs more than 2,000 people across functions including Advertising Technology, Business Development and Partnerships, Communications and Public Policy, Software Engineering, Legal, Enterprise Engineering, People and Recruiting, Design and User Experience, Infrastructure, Data and Analytics, and Sales and Marketing. As of the date of this Complaint, Meta lists more than 80 different job descriptions that it is presently hiring for at its Austin, Texas locations.

10. Plaintiff will also call relevant Meta employees who reside and work in this District to testify at trial.

**FACTUAL ALLEGATIONS**

A. **Inventor Background**

11. Long before social media giants dominated the internet, inventors Shriber and Zaks were building the tools that made modern online sharing and discovery possible. In the mid-1990s, Shriber launched Apartment Source, one of the first platforms to list apartments online. That venture grew into "Move On In," a multi-platform network that raised over $60 million and included early innovations in roommate matching, coworking space listings, and online dating.

12. In 2003, Shriber partnered with Zaks to create Roomster, a global roommate-matching platform that flourishes to this day. Always ahead of the curve, the two inventors set out to solve problems that were novel to the early stages of the internet economy—making online

3

content easier to flip through, easier to share, and easier to find based on what real people actually cared about.

13. They created the now-ubiquitous "next" interface for browsing listings like flipping pages in a magazine. They invented a one-click "share" button that let users send content without copying long, messy links. And they re-engineered search itself—developing technology that ranks results based on real user engagement, not just static web crawls. This breakthrough became the foundation for the Patents-in-Suit, which cover systems that let a first user interact with content through a separate interface and have those interactions directly influence what a second user sees in search results.

### B. The Patents-in-Suit

14. Plaintiff Search and Share Technologies, LLC is the sole assignee of all rights, title, and interest in the '952 Patent and the '744 Patent. The Patents-in-Suit, entitled *"Search Engine"*, were invented by Shriber and Zaks.

15. The '952 Patent is a continuation of and claims priority to U.S. Patent Application No. 13/420,503, filed March 14, 2012, which claims the benefit of U.S. Provisional Application Ser. No. 61/452,595, filed March 14, 2011.

16. The '744 Patent is a continuation of U.S. Patent Application No. 15/142,479, filed on Apr. 29, 2016, which is a continuation of and claims priority to U.S. Patent Application No. 13/420,503, filed on Mar. 14, 2012, which issued on May 10, 2016 as U.S. Pat. No. 9,338,215, which claims the benefit of U.S. Provisional Application Ser. No. 61/452,595, filed Mar. 14, 2011.

17. The Patents-in-Suit address a long-standing flaw in traditional search engines. Conventional systems crawled static links, indexed the located content, and relied on opaque algorithms to rank results—often failing to capture what real users actually found relevant. As explained in both patents, such methods "do not accurately reflect the interest of users on the web." '952 Patent at col. 1, ll. 30–32; '744 Patent at col. 1, ll. 33–35. The Patents-in-Suit resolve this issue by creating a search engine that reflects the interest of users on the web.

4

18. The Patents-in-Suit solve this problem by, among other things, creating search systems that dynamically index and rank content based on actual user engagement. The patented methods allow a first user to interact with content through a user interface separate from the main browser or application window—by commenting, liking, rating, or sharing—and then transmit that interaction to a server. The server indexes and ranks the content based on those interactions. When a second user submits a search query, the server selects and transmits results that directly incorporate the indexed and ranked content from the first user's engagement.



Fig. 2A

19. The '952 Patent discloses, among other things, a method where the system automatically selects and displays a portion of third-party content to a first user in a separate interface, receives that user's interaction, and uses it to index and rank the content for later search queries by other users.

20. The '744 Patent discloses a method where a first user identifies displayed content through a separate interface, the system indexes it, and a second user's search retrieves results that include the identified content in a position relative to other user-identified content.

5

21. These inventions are now standard features in modern platforms—including Meta's Products—but remain protected intellectual property. Meta has never licensed the Patents-in-Suit, yet its core functionality, as described herein, practices the claimed methods in direct violation of Plaintiff's exclusive rights.

### C. Meta's Infringing Activities

22. Meta is one of the world's most dominant social networking companies, boasting billions of active users worldwide across its flagship platforms: Facebook, Instagram, and Threads. These platforms generate tens of billions of dollars in revenue by enabling users to create, share, and discover digital content enriched with multimedia, filters, and interactive features.

23. Central to the success of Facebook, Instagram, and Threads—and central to this case—are features that implement the patented methods claimed in the '952 and '744 Patents. Each of these platforms allows a first user to engage with content through a user interface that is separate from the main display window, transmits that interaction to Meta's servers, and has those interactions indexed, ranked, and surfaced in subsequent search results to other users.

24. For example, the accused Meta Products (Facebook, Instagram, and Threads) infringe the '952 Patent through at least the following features:

- **Separate Interaction Interface** – Meta's platforms provide overlay interfaces (i.e., comment, like, and share panels) that operate independently from the main content display window.

6

  

      Instagram         Facebook         Threads

- **Automatic Content Selection** – These overlays display an automatically selected portion of third-party content, such as truncated comments, captions, or preview segments, consistent with the '952 Patent's disclosure.

  

      Instagram         Facebook         Threads

- **User Submissions Transmitted to Server** – Meta's platforms receive first-user interactions—including likes, comments, shares, and reactions—through these separate interfaces:

7





          Instagram                  Facebook               Threads

- **Indexing and Ranking by Engagement** – Meta's backend systems index and rank content based on those user interactions, directly mirroring the inventions' purpose of reflecting real user interest:



- **Search Query Retrieval** – When a second user searches Facebook, Instagram, or Threads, or when a second user runs a search query for new third party content by refreshing their "Feed," the system selects and transmits results that

8

incorporate the indexed and ranked content from prior user engagement, in the manner disclosed in both the '952 Patents.



Instagram                Facebook                Threads

25. The Accused Products also infringe the '744 Patent through at least the following features:

- **Web Content Sharing Interface**. Meta's computer systems receive from a first client computer operated by a first user, an identification of web content displayed by a web browser of the first client computer in a main browser window, and that web content is transmitted by the first user to Meta through a separate user interface:

9



- **Indexing and Ranking by Engagement** – Meta's backend systems index and rank content based on those user interactions, directly mirroring the inventions' purpose of reflecting real user interest:



- **Search Query Retrieval** – When a second user searches Facebook, Instagram, or Threads, or when a second user runs a search query for new third party content by refreshing their "Feed," the system selects and transmits results that

10

incorporate the indexed and ranked content from prior user engagement, in the manner disclosed in both the '744 Patents.

  

          Instagram                         Facebook                       Threads

26. Meta's websites and applications implement the same infringing functionality, allowing users to interact with and identify content through interfaces separate from the primary content display, and enabling those interactions to influence and appear in other users' search results.

27. Meta has never sought or obtained a license to the Patents-in-Suit, yet it has built core aspects of its platforms on these inventions. The result is ongoing, unauthorized use of Plaintiff's intellectual property that has caused — and will continue to cause — significant harm to Search and Share Technologies, LLC.

D. **Harm to Plaintiff**

28. Defendant's infringement of the Patents-in-Suit has caused, and continues to cause, substantial harm to Plaintiff. By incorporating Plaintiff's patented technology into the Meta Products without authorization, Defendant has:

- Deprived Plaintiff of the ability to control and license its inventions;

- Unjustly enriched themselves by using patented methods to drive user engagement, retention, and monetization; and

- Eroded the exclusivity and market value of the Patents-in-Suit.

29. Defendants' infringement is not accidental. On information and belief, Meta has had actual knowledge of the Patents-in-Suit since at least the service of this Complaint, and in all likelihood well before. Despite that knowledge, Meta has continued to develop, market, and profit from the Meta Products. The continued use of the patented technology without authorization, particularly given Meta's size and sophistication, demonstrates willful infringement.

30. Defendant's continued infringement, despite this knowledge, is deliberate and egregious, rendering this an "exceptional case" within the meaning of 35 U.S.C. § 285 and warranting enhanced damages under 35 U.S.C. § 284.

31. Plaintiff has suffered, and will continue to suffer, damages in an amount to be determined at trial, and is entitled to recover all available legal and equitable remedies, including an injunction against further infringement.

## CLAIMS FOR RELIEF

### COUNT I — Infringement of U.S. Patent No. 10,180,952

32. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

33. Plaintiff is the sole owner, by assignment, of all rights, title, and interest in the '952 Patent, which was duly and legally issued by the United States Patent and Trademark Office on January 15, 2019. Plaintiff has the exclusive right to enforce the '952 Patent and to recover damages for all past, present, and future infringement.

34. Defendant Meta has directly infringed, and continues to directly infringe, one or more claims of the '952 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and importing into the United States its platforms Facebook, Instagram, and Threads

(collectively, the "Meta Products"), which incorporate methods and systems claimed in the '952 Patent.

35. For example, the Meta Products implement each element of Claim 1 of the '952 Patent, including by:

- Providing a first user interface (comment/share/reaction panels) separate from the main content display;
- Automatically selecting a portion of third-party content to display in that interface;
- Receiving a first user's submission (e.g., like, comment, share) through the interface;
- Indexing and ranking the content based on that submission;
- Receiving a second user's search query; and
- Selecting and transmitting search results that include the indexed content.

36. These actions, performed in the United States, satisfy each and every element of at least Claim 1 of the '952 Patent literally and/or under the doctrine of equivalents.

37. Since at least the service of this Complaint, Meta has induced infringement under 35 U.S.C. § 271(b) by knowingly encouraging and instructing third parties—including Facebook, Instagram, and Threads users, advertisers, and partners—to use the Meta Products in a manner that directly infringes the '952 Patent. Meta provides detailed instructions, documentation, marketing materials, and in-app prompts designed to promote and facilitate infringing use. Meta's inducement has been willful, knowing, and with the specific intent to cause infringement.

38. Meta's infringement is, and has been, willful. On information and belief, Meta has had knowledge of the '952 Patent and its infringement thereof since at least the service of this Complaint, and likely well before, yet has continued to use Plaintiff's patented technology without authorization. Meta's conduct is deliberate, egregious, and objectively reckless, rendering this an exceptional case under 35 U.S.C. § 285 and warranting enhanced damages under 35 U.S.C. § 284.

39. To the extent that Meta contends it lacked actual knowledge of its infringement of the '952 Patent prior to service of this Complaint, it willfully blinded itself to such infringement by deliberately avoiding investigating Plaintiff's patents or Meta's infringement.

40. As a result of Meta's infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial, and is entitled to all available remedies under the patent laws of the United States, including enhanced damages and attorney's fees.

### COUNT II — Infringement of U.S. Patent No. 11,106,744

41. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

42. Plaintiff Search and Share Technologies, LLC is the sole owner, by assignment, of all rights, title, and interest in the '744 Patent, duly and legally issued by the United States Patent and Trademark Office on August 31, 2021. Plaintiff has the exclusive right to enforce the '744 Patent and to recover damages for all past, present, and future infringement.

43. Meta has directly infringed, and continues to directly infringe, one or more claims of the '744 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and importing into the United States the Meta Products—including Facebook, Instagram, and Threads—which incorporate methods and systems claimed in the '744 Patent.

44. By way of example, the Meta Products implement each element of Claim 1 of the '744 Patent, including by:

- Receiving from a first user an identification of web content displayed in a main browser or application window;
- Transmitting the identification of web content to Meta via a separate user interface;
- Indexing the identified content on Meta's servers;
- Receiving a search query from a second user; and
- Transmitting search results that include the identified content in a position relative to other user-identified content.

45. These actions, performed in the United States, satisfy each and every element of at least Claim 1 of the '744 Patent literally and/or under the doctrine of equivalents.

46. Since at least the service of this Complaint, Meta has induced infringement under 35 U.S.C. § 271(b) by knowingly encouraging and instructing third parties—including Facebook, Instagram, and Threads users, advertisers, and partners—to use the Meta Products in a manner that directly infringes the '744 Patent. Meta actively promotes the infringing features, provides instructions for their use, and designs its platforms to maximize user engagement in a way that practices the patented methods. Meta's inducement has been willful, knowing, and with the specific intent to cause infringement.

47. Meta's infringement is, and has been, willful. On information and belief, Meta has had knowledge of the '744 Patent and its infringement thereof since at least the service of this Complaint, and likely well before, and has nevertheless continued to infringe. Meta's acts of infringement have been deliberate, egregious, and undertaken with reckless disregard for Plaintiff's patent rights. This case is therefore "exceptional" within the meaning of 35 U.S.C. § 285, warranting an award of enhanced damages under 35 U.S.C. § 284 and attorney's fees.

48. To the extent that Meta contends it lacked actual knowledge of its infringement of the '744 Patent prior to service of this Complaint, it willfully blinded itself to such infringement by deliberately avoiding investigating Plaintiff's patents or Meta's infringement.

49. As a direct and proximate result of Meta's infringement, Plaintiff has suffered and will continue to suffer substantial damages, in an amount to be determined at trial, including lost licensing revenue, price erosion, and harm to the value of the Patents-in-Suit. Plaintiff is entitled to all available remedies under the patent laws of the United States, including compensatory damages, enhanced damages, attorney's fees, costs, interest, and injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Search and Share respectfully requests that this Court enter judgment in its favor ordering, finding, declaring, and/or awarding Search and Share relief as follows:

    a. that Meta infringes the Patents-in-Suit;

    b. all equitable relief the Court deems just and proper as a result of Meta's infringement;

    c. an award of damages resulting from Meta's acts of infringement in accordance with 35 U.S.C. § 284;

    d. that Meta's infringement of the Patents-in-Suit is willful;

    e. enhanced damages pursuant to 35 U.S.C. § 284;

    f. that this is an exceptional case and awarding Meta its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

    g. an accounting for acts of infringement and supplemental damages, without limitation, prejudgment and post-judgment interest; and

    h. such other equitable relief which may be requested and to which Plaintiff is entitled.

Dated: September 8, 2025

Respectfully Submitted,

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: 214-981-3800
Facsimile: 214-981-3839

Kyle W. Roche *(Pro Hac Vice Forthcoming)*
kroche@fnf.law
Edward Normand *(Pro Hac Vice Forthcoming)*
tnormand@fnf.law
Joseph M. Delich, Esq. *(Pro Hac Vice Forthcoming)*
jdelich@fnf.law
**FREEDMAN NORMAND FRIEDLAND LLP**
10 Grand Central
155 E. 44th Street, Suite 915
New York, New York 10017
Telephone: (646) 970-7541

        Velvel Freedman *(Pro Hac Vice Forthcoming)*
        vel@fnf.law
        Niraj Thakker *(Pro Hac Vice Forthcoming)*
        nthakker@fnf.law
        **FREEDMAN NORMAND FRIEDLAND LLP**
        1 SE 3rd Avenue, Suite 1240
        Miami, Florida 33131
        Telephone: (305) 306-9211

        Jason G. Sheasby *(Pro Hac Vice Forthcoming)*
        jsheasby@irell.com
        Tony Rowles *(Pro Hac Vice Forthcoming)*
        trowles@irell.com
        **IRELL & MANELLA LLP**
        1800 Avenue of the Stars, Suite 900
        Los Angeles, California 90067
        Telephone: (310) 203-7096

        **COUNSEL FOR PLAINTIFF**
        **SEARCH AND SEARCH TECHNOLOGIES, LLC**